IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAVENSWOOD CAPITAL - I, L.L.C., et al. | § § | |
| Plaintiffs | § | |
| v. | § | C.A. NO. H-04-4520 |
| | § | JURY |
| CITIGROUP, INC., et al. | § | |
| Defendants | § | |

| | | |
|---|---|---|
| | § | |
| MARK NEWBY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Consolidated Lead No. H-01-3624 |
| | § | |
| ENRON CORP., et al., | § | |
| Defendants. | § | |
| | § | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF

Plaintiffs move for leave to file a reply brief to The Financial Institutions' Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint. Plaintiffs seek to respond to new matters not raised in their motion to amend their pleading.

### DISCUSSION

Plaintiff filed their Motion for Leave to File Amended Pleading [Dkt. #55] on February 28, 2011. The Financial Institutions' Memorandum of Law (the "Memorandum") in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint was filed on March 21, 2011.

A large portion of the Financial Institutions' Memorandum deals with questions concerning the amount of Plaintiffs' potential recovery, issues concerning standing and issues

1

concerning statutes of limitations. *See Memorandum* at 1-3, 11-13. None of these issues were mentioned in, or formed the bases of, Plaintiffs' motion for leave to amend. Further, the Financial Institutions claim that "Plaintiffs do not explain" their delay in moving to amend their complaint. *Id.* at 1. Plaintiffs should be allowed to explain the basis for their request for leave to amend to the extent the Financial Institutions did not understand the discussion in the Motion for Leave to File Amended Pleading.

## **PRAYER**

Plaintiffs pray that the Court allow Plaintiffs leave to file their Reply Brief.

Respectfully submitted,

/s/ Andrew J. Mytelka
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 14767700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Steve Windsor
State Bar No. 21760650
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I certify I have conferred with counsel for Deutsche Bank and have been informed that defendants are OPPOSED to this motion.

/s/ Steve Windsor
Steve Windsor

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

/s/ Steve Windsor
Steve Windsor

# ATTACHMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAVENSWOOD CAPITAL - I, L.L.C., et al. | § § | |
| Plaintiffs | § | |
| v. | § § | C.A. NO. H-04-4520 |
| | § | JURY |
| CITIGROUP, INC., et al. | § | |
| Defendants | § | |

| | | |
|---|---|---|
| | § | |
| MARK NEWBY, | § | |
| Plaintiff, | § § | |
| v. | § | Consolidated Lead No. H-01-3624 |
| | § | |
| ENRON CORP., et al., | § | |
| Defendants. | § § | |

**PLAINTIFFS' REPLY BRIEF IN RESPONSE TO THE FINANCIAL INSTITUTIONS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [Dkt #55]**

The "Preliminary Statement" section of Financial Institution's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (the "Memorandum") lists two points. First, the Financial Institutions claim that, because Enron has paid distributions on the notes at issue in this lawsuit, "there are no losses to recover in this action" – which is just one of several substantive legal arguments, disputed by Plaintiffs, meant to bolster the Financial Institutions' pending motion to dismiss. *Memorandum* at 1; *see also, e.g., id.* at 3 (alleging lack of standing and lack of rights to assign claims). Second, the Financial Institutions complain that Plaintiffs "do not explain" their delay in filing a motion for leave to amend their complaint. *Id.* at 1.

1

## ARGUMENTS NOT PERTINANT TO THE REQUEST FOR LEAVE TO AMEND SHOULD BE DISREGARDED

A large portion of the Financial Institutions' Memorandum is nothing more than a supplemental motion to dismiss. The allegation that Plaintiffs suffered no losses, whatsoever, because of distributions by Enron is a new allegation based upon contested legal issues; these issues should be considered upon a motion to dismiss, not in a motion to amend the complaint.

Throughout the Memorandum, the Financial Institutions reiterate and in some cases modify legal arguments found in their motion to dismiss; that is, these arguments are intended to supplement their pending motion to dismiss. For example, the Financial Institutions state, as if an undisputed "fact":

> [Plaintiffs] lacked standing to bring any of the asserted claims. Moreover, Plaintiffs allege (insufficiently) to have received the right to bring this action thorough an assignment, but, as a matter of law, TSA claims are not assignable.

*Memorandum* at 3. Plainly these are contested issues for consideration on a motion to dismiss or other proper motion, and not pertinent to a request to amend the complaint.

In a Memorandum section titled "The Proposed Amendments Are Unimportant," the Financial Institutions provide a 3-page mini-motion to dismiss. *See Memorandum* at 11-13. The Financial Institutions' spin on this short supplement to their motion to dismiss is that their legal arguments prove Plaintiffs' amendment is "futile." *See id.* at 10. However, the Financial Institutions' arguments – concerning standing, note holder rights, and statutes of limitations – are fiercely contested issues of law, and of mixed fact and law, which can only be determined upon a proper motion by the Financial Institutions. Indeed, Plaintiffs have conclusively established the fatal flaws in the Financial Institutions' arguments in response to their motion to dismiss thus allowing this case to proceed. It appears, however, that the Financial Institutions' strategy is to

repeat their flawed arguments *ad nauseam* in hopes that the repetition will result in a favorable decision from the Court. The Financial Institutions' misplaced arguments do not establish that Plaintiffs' amendment would be "futile". To the contrary, considering Plaintiffs' motion for leave to amend, it is more than evident that the details and evidence presented in the proposed amended complaint more than adequately allege viable causes of action against each of the Financial Institutions.

The Court is, therefore, asked to disregard the Financial Institutions' misplaced arguments on disputed legal issues when determining Plaintiffs' motion for leave to amend their complaint.

## LEAVE TO AMEND SHOULD BE GRANTED

The Financial Institutions quote and complain about Plaintiffs' Rule 16 "good cause" explanation for amendment, in particular "Here, Plaintiffs ***seek to clarify facts and theories previously set forth in their First Amended Complaint*** in response to Defendants' Motion to dismiss." *Memorandum* at 7 (italics and bold emphasis added by the Financial Institutions). Plaintiffs' statement, however, helps explain Plaintiffs' rationale for asking the Court to exercise its discretion and allow amendment of the complaint. For one thing, Plaintiffs make clear that there are no additional theories of liability alleged, thus any prejudice to the Financial Institutions is minimized.

More importantly, a central purpose of amendment of the complaint is to assure compliance with Federal Rule of Civil Procedure 9(b). As explained in Plaintiffs' motion asking for leave to amend, substantial and important new evidence has come to light since Plaintiffs' were allowed to amend under the consolidated scheduling order, and this new evidence is incorporated in the Second Amended Complaint.

The Enron litigation has been complex and proper pleading of claims has been problematic for many of the plaintiffs in the consolidated *Newby* action. Between 2007 and 2010, the Court made numerous rulings in lawsuits brought by American National Insurance Company concerning the contours of Texas law and the requirements of Rule 9(b). In all of these cases, amendment of the complaint was allowed, including in an opinion and order entered December 8, 2010. *See American Nat'l Ins. Co. v. Arthur Andersen,* 3:03-cv-967 [Dkt #120]. The Court's rulings, and explanations of Rule 9(b) requirements for various causes of action, have allowed Plaintiffs in the instant action, along with the new evidence, to assure Rule 9(b)-compliant allegations in their Second Amended Complaint.

The Court has not ruled upon any previous motion to dismiss in this matter. Thus, allowing amendment at this time might be advantageous to the Court and all parties. If amendment of the complaint is denied in part based on Rule 9(b) deficiencies, "there is a general consensus that plaintiffs should be provided with an opportunity to amend the complaints to meet Rule 9(b)'s requirements before ordering dismissal." *Hernandez v. Vanderbilt Mort.,* 2010 U.S. Dist. Lexis 44340, at *24-25 (S.D. Tex. May 6, 2010); *Ryan v. Brookdale Int'l Sys., Inc.,* 2007 U.S. Dist. Lexis 82359, at *21-22 (S.D. Tex. Nov 6, 2007) (same); *Ashlar Fin. Serv. Corp. v. Sterling Fin. Co., Inc.,* 2002 U.S. Dist. Lexis 2086, at *9 (N.D. Tex. Feb. 8, 2002) (same); *see also United States of America ex rel. Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 457 (5th Cir. 2005) ("[W]e find that the dismissal with prejudice . . . was unwarranted where . . . claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)"); *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir. 1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend.") (citation omitted). Accordingly, amendment of Plaintiffs' complaint at this time, in particular alleging

4

additional facts supporting Plaintiffs' conspiracy to commit fraud claims, and aiding and abetting fraud claims, will promote efficiency given the current state of the pleadings and case. Further, in evaluating whether to exercise its discretion to allow amendment, the Court is asked to consider that Plaintiffs have not sat idly by, but instead have previously sought guidance by seeking a status conference with Court. *See Motion for Leave to Amend* at 3.

## PRAYER

Plaintiffs pray that the Court grant Plaintiffs' Motion for Leave to File Amended Pleading [Dkt. #55].

.

Respectfully submitted,

/s/ Andrew J. Mytelka
Andrew J. Mytelka
Attorney-in-Charge
State Bar No. 14767700
S.D. Tex. I.D. No. 11084
Joe A.C. Fulcher
State Bar No. 07509320
M. David Le Blanc
State Bar No. 00791090
Steve Windsor
State Bar No. 21760650
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Deutsche Bank and was informed that defendants are opposed to Plaintiffs' motion to file this reply brief.

s/ Steve Windsor
Steve Windsor

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2011, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

/s/ Steve Windsor
Steve Windsor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAVENSWOOD CAPITAL - I, L.L.C., et al. § | | |
| **Plaintiffs** § | | |
| v. § | C.A. NO. H-04-452) | |
| § | **JURY** | |
| CITIGROUP, INC., et al. § | | |
| **Defendants** § | | |
| § | | |
| MARK NEWBY, § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Consolidated Lead No. H-01-3624 | |
| § | | |
| ENRON CORP., et al., § | | |
| **Defendants.** § | | |
| § | | |

## ORDER ON MOTION FOR LEAVE TO FILE REPLY BRIEF

Before the Court is Plaintiffs' Motion For Leave to File Reply Brief. Plaintiffs seek to respond to The Financial Institutions Memorandum of Law [Dkt. #57] in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint [Dkt. #55]. The Court has considered this matter and finds that the Motion has merit. It is, therefore,

ORDERED that Plaintiffs' Motion for Leave to File Reply Brief is GRANTED; and,

ORDERED that the Clerk of Court shall file the Reply Brief appended to Plaintiffs' Motion for Leave to File Reply Brief.

DATED this _____ day of _____, 2011.

_____
MEDLINDA HARMON
UNITED STATES DISTRICT JUDGE